Ernest MAXWELL, Jr. *v.* STATE of Arkansas

CR 84-132                                           683 S.W.2d 908

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Mobley & Smith,* by: *William F. Smith,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Ernest Maxwell, Jr., was found guilty of the first degree murder of Carol Conn and was sentenced to life imprisonment. We affirm. An earlier conviction for the same offense was reversed by this Court in *Maxwell, Jr. v. State,* 279 ark. 423, 652 S.W.2d 31 (1983). Jurisdiction of this subsequent appeal of a life sentence is in this Court under Rules 29(1) (b) and (j).

On the morning of June 25, 1981, the badly battered body of Carol Conn, age 20, clothed in a T-shirt, blue jeans, and tennis shoes, was found near the Plummerville exit from Interstate 40, in Conway County. The clothed body was taken to the state medical examiner for an autopsy. That afternoon the police questioned appellant, age 43, with whom the victim had lived for about four weeks in his home near Atkins, in Pope County. Appellant told the police that he last saw the victim at this home at about five o'clock the preceding evening. He went to sleep then. When he awoke about eight, Carol was gone. He went into Atkins about eleven to ask his brother if he had seen Carol; the next morning he asked about her elsewhere. He told the officers that during the four weeks he and the victim had been living together he had hit her only once, about two weeks earlier with his open hand, but he had never seen any bruises on her.

The state medical examiner, Dr. Malak, performed the autopsy, which at his request was witnessed by Berwin

Monroe, an employee of the Crime Laboratory having extensive training and experience in criminal investigation. Dr. Malak testified, with the support of photographs he had taken, that the victim's body was bruised from head to foot, front and back. Some of the bruises had been inflicted about ten days before her death, others about three days before death, and others still later. The skull had been fractured, but the actual cause of death was a heavy blow to the area of the umbilicus (navel), which burst her intestines and caused her death within not more than ten minutes. Louise Kiburn, who worked at the Sav-A-Sum Market in Atkins, saw appellant and Carol in the store a few days before Carol's body was found. At that time Carol was horribly bruised and swollen. Appellant told Kiburn that Carol had fallen down. The appellant did not testify at this trial.

For his first assignment of error appellant contends that (a) the trial court erred by not ruling on the prosecutor's motion in limine before the time of the opening statement and (b) further erred by later granting the motion. The motion, filed immediately prior to trial asked that the appellant, his witnesses and his attorneys be prohibited from referring to the demotion of Berwin Monroe by the State Crime Laboratory Director. The court did not rule on the motion until immediately before Monroe was to take the witness stand. Since the motion was granted, the appellant has not shown any prejudice, or that the trial judge abused his considerable discretion in waiting to rule on the motion. The judge simply allowed the trial to take its natural course to the point where the evidence could be introduced.

Similarly, we find no error in the ruling granting the motion. The only evidence concerning the demotion came from Monroe, who testified that the demotion was due entirely to a personality conflict with the Director of the Crime Laboratory and was not related in any manner to his functions as a criminalist. On the limited evidence in the record we cannot say the trial judge abused his discretion. The demotion, based upon a personality conflict, does not demonstrate a lack of competency, or constitute a showing of bias, or any type of inconsistency or contradiction. In short, it simply does not impeach the credibility of the

witness in his capacity to scientifically examine minute criminal evidence. The trial judge commented that any probative value in allowing testimony about the demotion was outweighed by danger of unfair prejudice. See Ark. Stat. Ann. 28-1001, Rule 403, Ark. Unif. Rules of Evid. We note that the judge commented that the appellant would be allowed to inquire into any specific instances of conduct which might cast doubt upon the credibility of Monroe.

Appellant next contends that the trial judge committed error by refusing to grant a mistrial as a result of the closing argument by the prosecuting attorney.

We have not been furnished a transcript of the closing argument because the trial judge did not require the court reporter to make a stenographic record of the argument. It is not error if the trial court does not require the court reporter to make a stenographic record of argument when counsel fails to request it. Ark. Stat. Ann. § 22-352 (Repl. 1962); *McCain* v. *State*, 132 Ark. 497, 201 S.W. 840 (1918).

The record reflects only the request for a mistrial after the opening of the state's closing argument. The request for a mistrial was based upon an alleged inferential comment on the failure of the appellant to testify. The trial judge denied the request and stated that the statement was a comment upon the falsity of appellant's statement to the police. Without a record, we must presume the trial judge was correct. Our presumption is buttressed by the trial court's comment to the prosecutor just before the rebuttal phase of the state's argument:

> I noticed when Mr. Mobley [appellant's attorney] indicated that he could put the Defendant on the stand for three weeks, I noticed your eyes somewhat perked up to the extent that you might think you could make reference to him not testifying. I want to head you off before you get anywhere near that.

The appellant contends that the trial court erred by refusing to allow him to ask, on cross-examination, if the sheriff had investigated the possibility that Henry L. Lucas

or Otis Edward Toole committed the murder. According to the proffer, one of these men had been arrested in Florida and the other in Texas, and both have committed many murders. However, the proffer did not present any information which would have even remotely linked either man to this crime. The questions were conjectural and speculative. Questions on cross-examination should not be conjectural, speculative or argumentative. *Dillard* v. *State*, 260 Ark. 743, 752, 543 S.W.2d 925, 932 (1976).

The appellant next argues that the trial court allowed an expert witness, Berwin Monroe, to invade the province of the jury. Monroe's testimony was proper. He explained to the jury that the presence of the particles on the bottom of the victim's feet and on the soles of her tennis shoes showed that she could not have walked out of the house, either barefooted or wearing the tennis shoes nor could she have walked for even a slight distance on grass, concrete or asphalt without disturbing the particles on her feet or on the shoes. The testimony did not tell the jury which result to reach, rather it gave the jury appreciable help in reaching the result. See *Gramling* v. *Jennings*, 274 Ark. 346, 348, 625 S.W.2d 463, 464 (1981).

There are no other rulings, adverse to appellant and not raised on appeal, which constitute reversible error. Rule 11 (f). Affirmed.