Frank PILCHER *v.* STATE of Arkansas

CR 90-89                                     796 S.W.2d 845

Supreme Court of Arkansas
Opinion delivered October 15, 1990

*Richard L. Hughes*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The appellant, Frank Pilcher, was convicted of capital felony murder and sentenced to life imprisonment without parole. The evidence showed that Pilcher shot the decedent, Jeffery E. Rhoades, to avoid paying for cocaine he had bought from Rhoades. The state presented testimony of Marissa Lynn Bragg, appellant's girlfriend, who witnessed the acts from which the charges arose. Bragg was granted immunity from prosecution in exchange for her testimony. Appellant asserts four points for reversal.

I

Pilcher argues that the trial court erred in denying his motion to dismiss for lack of venue in Saline County, where Pilcher was tried. The state stipulated that the shooting occurred in Grant County. Appellant cites Ark. Const. art. 2, § 10, which provides that the accused is entitled to a trial by jury in "the county in which the crime shall have been committed."

Pilcher met with Rhoades at Rhoades apartment in Saline County where Rhoades delivered one fourth ounce of cocaine "on

front" to Pilcher.[1] Pilcher and Bragg invited Rhoades to go with them to get the money to pay for the cocaine. The robbery was completed and the homicide occurred in Grant County and thereafter the body was returned to Saline County.

The relevant statute is Ark. Code Ann. § 16-88-108(c) (1987), which provides:

> Where the offense is committed partly in one county and partly in another, or the acts, or effects thereof, requisite to the consummation of the offense occur in two (2) or more counties, the jurisdiction is in either county.

■  Under the statute, venue was proper in either Saline or Grant County. The delivery of the cocaine on credit and Pilcher's invitation to Rhoades to accompany him were acts "requisite to the consummation of the offense." Also, appellant and Bragg returned to Saline County and disposed of Rhoades's body in a trash dump. In *Thrash* v. *State*, 291 Ark. 575, 587, 726 S.W.2d 283, 287 (1987), we held that venue was proper in the county where appellant hatched the plan to commit the robbery-murder and to which the body was returned.

## II

Prior to cross-examination of witness Marissa Bragg, the court limited defense counsel's inquiry regarding the identities of other individuals from whom Bragg and Pilcher had purchased drugs. Appellant argues that this line of questioning was an attempt to raise an inference that there may have been an accomplice to the homicide, from which the jury could infer that Bragg was biased and protecting some person(s) who might have actually committed the crime. Pilcher maintains this denial violated the Confrontation Clause and deprived him of the right to demonstrate that Bragg was biased.

■  The trial court ruled that the identity of the individuals was not relevant and, without a proper foundation, was merely a collateral issue. The trial court was correct. A.R.E. Rule 401, 402. Moreover, the effect of the intended testimony would have

---

[1] "On front" means in effect the drugs are sold on credit.

been to encourage the jurors to form an opinion based on supposition. *See Bowden* v. *State*, 301 Ark. 303, 783 S.W.2d 842 (1990); *Maxwell* v. *State*, 284 Ark. 501, 683 S.W.2d 908 (1985).

## III

Pilcher next contends the trial court erred in refusing to declare Marissa Bragg an accomplice as a matter of law. Instead, the court instructed the jury to determine whether Bragg was an accomplice to the robbery and murder of Jeffery Rhoades.

An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, either solicits, advises, encourages or coerces the other person to commit it, aids, agrees to aid or attempts to aid the other person in planning or committing it, or fails to make a proper effort to prevent the commission of the offense, provided he has a legal duty to prevent it. Ark. Code Ann. § 5-2-403 (1987). It is the defendant's burden to prove that a witness is an accomplice whose testimony must be corroborated. *Scherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988). A person's status as an accomplice is a mixed question of law and fact, and the issue should be submitted to the jury where there is evidence to support a jury's finding that the witness was an accomplice. *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988). The finding of the jury is binding unless the evidence shows conclusively that the witness was an accomplice. *Cate* v. *State*, 270 Ark. 972, 606 S.W.2d 764 (1980).

The record reveals that Pilcher and Bragg, using Bragg's pickup truck, went to the apartment of Jeffery Rhoades where the cocaine purchase was instigated. They then led Rhoades (following on a motorcycle) through a remote area to a point near Tull in Grant County. Bragg testified the purpose of the trip was to lose Rhoades "through the bottoms" in the Tull area. Although Bragg was present at the scene and helped load Rhoades's body in the back of her truck, she denied any knowledge that Pilcher intended to murder Rhoades. Bragg said she was in the truck when she heard Rhoades say, "Man, this is just twenty-five dollars." Then she heard a gunshot. Bragg testified that she and Pilcher were not planning a murder and nothing in the evidence points conclusively to the contrary.

Mere presence at the scene of the crime or failure to

inform law enforcement officers of a crime does not make one an accomplice as a matter of law. *Spears* v. *State*, 280 Ark. 577, 660 S.W.2d 91 (1983). Nor does a grant of immunity alone cause a witness to be an accomplice as a matter of law. *Scherrer* v. *State*, 294 Ark. 287, 742 S.W.2d 884 (1988). The facts do not show conclusively that Bragg was an accomplice. The trial court was correct in refusing to declare her an accomplice as a matter of law and properly submitted the issue to the jury.

## IV

Finally, when the state rested defense counsel moved for a directed verdict. The motion was denied. Pilcher contends that had the trial court correctly ruled that Marissa Bragg was an accomplice as a matter of law, the motion of directed verdict should have been granted because there was insufficient evidence to corroborate her testimony.

Appellant did not move for a directed verdict based on the state's failure to corroborate the testimony of Marissa Bragg. Instead, defense counsel simply moved for a directed verdict on grounds that there was insufficient evidence to find appellant guilty of capital felony murder or any crime. Because there was a failure to raise the specific basis for a directed verdict at trial, Pilcher cannot now challenge it on appeal.

Under Ark. Code Ann. § 16-91-113 (1987), as put into effect by our Rule 11(f), we consider all objections brought to our attention in the abstracts and briefs in appeals from a sentence of life imprisonment or death. In this case we find no prejudicial error in the points argued or in the other objections abstracted for review.

Affirmed.