Hilliard L. NELSON *v.* STATE of Arkansas

CR 91-70                                  816 S.W.2d 159

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*Timothy "Blind Hog" Bunch*, Public Defender, by: *Thomas*

*E. Brown*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant, along with Charles Colbert and Ricky Dillard, was charged with the capital felony murder of Cheryl Franklin. Dillard agreed to be a state's witness, and appellant's case was severed from his co-defendants'. Appellant was convicted of the lesser included offense of first degree murder and sentenced to life imprisonment without parole.

On appeal, appellant argues that the trial court should have found Dillard an accomplice as a matter of law and erroneously failed to instruct the jury accordingly under AMCI 402. He also argued that the trial court erred in denying his objections to certain statements made by the prosecutor during closing argument.

First, we agree with the trial court that Dillard was not an accomplice as a matter of law and that the court was correct in instructing the jury under AMCI 403 because Dillard's accomplice status was disputed. A brief reference to the pertinent facts is necessary. The state's proof showed that on the evening of January 20, 1990, the appellant, Colbert and Dillard were frequenting various drinking establishments. After a brief conversation in the parking lot of one of the clubs, Dillard gave Ms. Franklin some money in exchange for sex. Apparently, she wanted money so she could buy a "hit of crack." When the men left the establishment, Franklin and another woman got in the car. They took the other woman home, and then picked up another individual named Rita Lane. Lane, however, was subsequently let out when appellant and Lane got into an argument. The men and Franklin then drove to a secluded area where they could smoke some crack.

Dillard testified that he departed the car and laid upon its front hood. He said that appellant got in the back seat and had oral sex with Franklin. Dillard stated that, during this period when appellant was in the car's back seat with Franklin, Dillard thought he heard appellant say that if Franklin would not have sex, they would leave her stranded. Dillard heard appellant and Franklin argue, and minutes later, Dillard heard three thumps on

the back end of the car. Dillard looked through the back window of the car and saw Colbert with something in his hand making a wiping motion on the car's trunk. When Dillard walked to the rear of the car, he viewed appellant standing over Franklin with a piece of concrete in his hand, coming down towards her head. Appellant and Colbert drug Franklin's body into some bushes, and told Dillard if he said anything, the same thing would happen to him. Franklin's body was found the next day and all three men were arrested.

Under settled law, appellant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated. *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990); *Scherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988). An accomplice of another person in the commission of a crime is statutorily defined as a person, who with the purpose of promoting or facilitating the crime, solicits, advises, encourages, or coerces the other person to commit the crime or aids, agrees to aid, or attempts to aid the other person in planning or committing it. Ark. Code Ann. § 5-2-403 (1987). Mere presence, acquiescence, silence, or knowledge that a crime is being committed, in the absence of a legal duty to act, is not sufficient to make a person an accomplice. *Scherrer*, 294 Ark. 227, 742 S.W.2d 877.

Appellant argues a number of factors he believes show Dillard was an accomplice as a matter of law. For example, he asserts the state originally had filed the same murder charge against Dillard as it did against appellant and Colbert, Dillard was at least guilty of the crime of hindering apprehension and the prosecutor had granted Dillard "extreme leniency." Clearly, none of these facts in any way make Dillard an accomplice to Franklin's murder. And while appellant argues the state obtained from Dillard's wife a shirt, which may or may not have had blood on it, implicating Dillard in the crime, there was other testimony indicating the shirt was Colbert's. Such evidence surely does not conclusively establish Dillard as an accomplice to murder. *See also Pilcher*, 303 Ark. 335, 796 S.W.2d 845 (where this court concluded that the fact the witness helped load a victim's body into a truck did not establish the witness as an accomplice).

Finally, appellant argues that Colbert's confession, which apparently related Dillard's involvement in the crime, clearly

revealed appellant as an accomplice. The short answer to this claim is that Colbert's confession was never introduced into evidence. Thus, the trial court or jury never had Colbert's confession before it when confronted with the accomplice issue.

■ In sum, contrary to appellant's argument, the evidence is disputed as to Dillard's accomplice status. Dillard's presence at the crime scene and knowledge of the crime was shown, but, as stated above, such is insufficient to make him an accomplice. Thus, the trial court did not err in refusing appellant's request for the AMCI 402 instruction.

■ Before leaving the accomplice issue, we consider appellant's suggestion that the trial court erred in denying his directed verdict motion that insufficient evidence was shown to corroborate Dillard's testimony. The state presented evidence that a Henry Bennett, Thelma Williams (Canaday) and Rita Lane saw Franklin with appellant, Dillard and Colbert on the night of Franklin's murder, and a Wardell Henderson, a bicycler, found Franklin's body in the area where Dillard said the four of them had gone that night. An investigator found several items of evidence at that same location, which included Colbert's black lighter and a concrete block with blood on it. The medical examiner testified that Franklin's death was caused by a blunt object to her head, such as a concrete block. And finally, a state police officer located Colbert's car, which had a dented trunk lid with what appeared to be blood on it. The foregoing evidence clearly sufficiently corroborates Dillard's testimony and tends to connect appellant with Franklin's murder.

Appellant's second point concerns the prosecutor's closing argument. Basically, he says the prosecutor argued beyond the scope of the evidence and prejudiced the jury by doing so. During his closing, the prosecutor said the following:

> Even [defense counsel] challenged [Dillard] and said, "Why aren't you telling us everything you told the police?" And you know what it had to be? It had to be more things that convicted [appellant]. We didn't hear them, though. If they had been in favor of [appellant], we would have heard them. They would have had the policeman up here telling you all these things that . . . appellant didn't do it, and someone else did.

Or [defense counsel], as he insinuated, "Why don't you tell them what you told me?" Well, if it had been good for the [appellant], don't you know [defense counsel] would have been up there telling you about it?

At this point, appellant's counsel objected, saying the prosecutor knew defense counsel could not testify and still try a case. He called the prosecutor's remarks improper and said such remarks were not evidence.

In reviewing the record, particularly defense counsel's cross-examination of Dillard, counsel attacked Dillard's various statements as being inconsistent. In doing so, counsel elicited from Dillard that, in a prior statement, Dillard said that he, Colbert and Franklin did not discuss sex the night of the crime and then posed a question suggesting Dillard had told defense counsel and the authorities a different story later. While the prosecutor objected and defense counsel rephrased his question, counsel, continuing his impeachment of Dillard's differing statements, asked later, "What I want to know now is (sic) what you told the authorities that they wrote down correct *or is what you told me correct* or what you are telling the jury correct?" In closing argument, defense counsel further alluded to the fact that the state failed to produce certain testimony or evidence at trial.

In reviewing the above testimony and appellant's closing argument, we conclude the appellant opened the door to a response by the state. *Allen* v. *State*, 281 Ark. 1, 660 S.W.2d 922 (1983); *Robinson* v. *State*, 275 Ark. 473, 631 S.W.2d 294 (1982). Accordingly, we hold the trial court did not abuse its discretion in overruling the appellant's objection to the prosecutor's remarks.

We have examined the record pursuant to Ark. Sup. Ct. R. 11(f) and find no points preserved for appellate review which constitute prejudicial error. For the reasons stated above, we affirm.