Dustin Heath VICKERS *v.* STATE of Arkansas

CR 92-630                                    852 S.W.2d 787

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*J. Blake Hendrix*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. On October 6, 1990, the appellant, Dustin Heath Vickers, and Dale Larque drove from their

hometown of Stuttgart to Little Rock supposedly to see Vickers' girlfriend and to purchase drugs. They picked up Kenneth Ray Jackson in the Highland Courts and rode around. Jackson evidently sold Vickers and Larque counterfeit drugs. They then drove to Pratt Road where Jackson got out of the vehicle and was shot in the left eye and in the back of the head.

After Jackson's body was discovered, Dale Larque was arrested and questioned. In his first statement to police, Larque denied any knowledge of the shooting. A second statement was taken in which Larque implicated Vickers. Larque was then charged with first degree murder. The charges were subsequently dropped.

Vickers was later charged with first degree murder in circuit court. He filed a motion to transfer the case to juvenile court which was denied. That ruling was affirmed by this court in *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

Larque testified at trial that he was not involved in the shooting and that Vickers was the one who fired the two shots. Vickers testified that it was Larque who was responsible for the murder. The physical evidence included photographs of footprints and tire tracks taken at the crime scene.

The jury found Vickers guilty of first degree murder and sentenced him to life imprisonment. In challenging his conviction, Vickers asserts four points for reversal. We find no error and affirm the trial court's decision.

Vickers first argues that the trial court erred in failing to find Dale Larque an accomplice as a matter of law. Under settled law, appellant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated. *Nelson* v. *State*, 306 Ark. 456, 816 S.W.2d 159 (1991); *Scherrer* v. *State*, 294 Ark. 287, 742 S.W.2d 884 (1988). Under Ark. Code Ann. § 5-2-403 (1987), an accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, either solicits, advises, encourages, or coerces the other person to commit it, or aids, agrees to aid or attempts to aid the other person in planning or committing it, or fails to make a proper effort to prevent the commission of the offense, provided he has a legal duty to prevent it. *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845

(1990). Mere presence at the scene of the crime does not make one an accomplice. *Spears* v. *State*, 280 Ark. 577, 660 S.W.2d 913 (1983).

At trial, appellant actually made this argument in the form of a motion to dismiss for failure to corroborate an accomplice's testimony. The trial judge stated that he would not hold that Larque was an accomplice as a matter of law at that time and would reserve that ruling until later. However, appellant failed to obtain a ruling on this issue. At the end of trial, Vickers renewed his previous motions that had been overruled by the court but did not renew his motion with regard to whether Larque was an accomplice.

We have consistently stated that the burden of obtaining a ruling is on the movant and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *See Donald* v. *State*, 310 Ark. 197, 833 S.W.2d 375 (1992); *Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992); *Pace* v. *State*, 306 Ark. 563, 816 S.W.2d 856 (1991). Therefore, appellant is procedurally barred from raising this issue on appeal.

Second, Vickers contends the evidence was insufficient to corroborate Larque's testimony. Because Larque was never found to be an accomplice whose testimony must be corroborated, we need not address this argument. Even so, appellant has not preserved this issue for our review. During a discussion which took place outside the hearing of the jury, defense counsel withdrew the accomplice instructions which included the instruction on corroboration. Such action has the same effect as if Vickers had originally failed to request an instruction.

Also, appellant did not proffer the accomplice instructions and they are not included in the abstract. We have held numerous times that the failure to proffer an instruction results in the issue's not being preserved for appeal. *Pearson* v. *State*, 307 Ark. 360, 819 S.W.2d 284 (1991); *Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990). Because the record on appeal is confined to that which is abstracted, the failure to abstract a critical document precludes the court from considering issues concerning it on appeal. *See Porchia* v. *State*, 306 Ark. 443, 815 S.W.2d 926 (1991); *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988). Without the proffered instructions before us, we decline to

address this argument.

Appellant next argues that the trial court erred in refusing to instruct the jury on the elements of second degree murder and manslaughter. For the same reasons as stated above, Vickers is procedurally barred from arguing this point on appeal. Again, during a discussion with the trial judge, Vickers agreed to withdraw AMCI 301, the instruction on lesser included offenses. In doing so, he waived his right to raise the issue at this time.

Moreover, appellant failed to proffer and abstract the requested instructions. As stated, in order to preserve for appeal any objection to the trial court's failure to give an instruction, the appellant must make a proffer of the instruction to the judge. *See People's Bank & Trust Co. v. Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986). Simply giving a set of instructions to the trial judge prior to trial is not sufficient to allow the appellate court to address the propriety of appellant's proposed instructions. *City of Little Rock v. Weber*, 298 Ark. 382, 767 S.W.2d 529 (1989). In *Weber*, we held that to so hold would place the responsibility on the trial judge of bringing up a record on appeal from which the appellate court could fully review the proceedings rather than on the appellant, where this court has many times said it belongs. Because the requested instructions were not abstracted, we will not consider whether they should have been given. *See Dollar v. State*, 287 Ark. 61, 697 S.W.2d 868 (1985).

In addition, Vickers was not entitled to instructions on lesser included offenses because he relied upon the defense of complete denial. We have stated numerous times that a lesser included offense instruction need not be given unless there is a rational basis. *See Fry v. State*, 309 Ark. 316, 829 S.W.2d 415 (1992); *Watson v. State*, 308 Ark. 444, 825 S.W.2d 569 (1992); *Doby v. State*, 290 Ark. 408, 720 S.W.2d 694 (1986); *Crenshaw v. State*, 271 Ark. 484, 609 S.W.2d 120 (1980). Because there was no rational basis for giving instructions on lesser included offenses in this case, the trial court was correct in refusing such instructions.

Finally, appellant asserts that the trial court erred in failing to declare Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1991) unconstitutional. The statute provides that a person commits murder in the first degree if "with the purpose of causing the

death of another person, he causes the death of another person."

It is well settled that a party challenging the statute has the burden of proving that it is unconstitutional. *Cozad* v. *State*, 303 Ark. 137, 792 S.W.2d 606 (1990); *Dutton* v. *State*, 299 Ark. 503, 774 S.W.2d 830 (1989). In this case, Vickers has failed to meet his burden of proof in persuading this court that the first degree murder statute is unconstitutionally vague because it covers both the situation in which a person intends to kill someone and does so and the situation in which a person intends to kill a particular person and kills someone else instead. The appellant has cited no authority to support such a contention.

Although we have not addressed the constitutionality of the first degree murder statute alone, this statute has been challenged along with the capital felony murder statute. We have held several times that the statute for murder in the first degree and capital murder are not unconstitutionally vague, and any overlap in the two statutes does not create a constitutional infirmity in the statutes. *See Hill* v. *State*, 303 Ark. 462, 798 S.W.2d 65 (1990); *McClendon* v. *State*, 295 Ark. 303, 748 S.W.2d 641 (1988).

The statute in question is not void for vagueness. The first degree murder statute is merely broad enough to cover two situations in which a purposeful killing might occur. Flexibility and reasonable breadth in a statute are permissible, rather than meticulous specificity or great exactitude, so long as its reach is clearly defined in words of common understanding. *McGuire* v. *State*, 288 Ark. 388, 706 S.W.2d 360 (1986). The phrase "causes the death of another person" is commonly understood to have a certain meaning and comes within the statute.

Arguably appellant has no standing to raise this constitutional argument. When challenging the constitutionality of a statute on the grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent," who has not received fair warning; if by this action, that individual clearly falls within the conduct proscribed by the statute he cannot be heard to complain. *Burrow* v. *State*, 282 Ark. 479, 669 S.W.2d 441 (1894). In the present case, the appellant's actions undeniably fall squarely within the actions described by the statute. The first shot which killed Jackson was fired within four feet of him,

and the second shot was fired in close proximity to his head as he lay on the ground. Vickers's footprints and those of the victim are the only ones adjacent to the body. Thus, Vickers is not one of the "entrapped innocent," who had not received fair warning of the consequences of his actions.

Pursuant to Ark. Sup. Ct. R. 11(f), the record has been reviewed and no other errors appear which were prejudicial to the appellant.

Affirmed.