STATE of Arkansas *v.* Chris Alvis YOUNG

CR 93-538                                             869 S.W.2d 691

Supreme Court of Arkansas
Opinion delivered January 31, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*James P. Massey*, for appellant.

DAVID NEWBERN, Justice. The State brings this appeal pursuant to Ark. R. Crim. P. 36.10(c) from the dismissal of burglary, aggravated robbery, theft, and battery charges against the appellee, Chris Alvis Young. The State alleges the Trial Court erred in ruling, as a matter of law, that two witnesses were accomplices of Mr. Young and thus that he could not be convicted on the basis

of their testimony alone. *See* Ark. Code Ann. § 16-89-111(e)(1) (1987); *Foster* v. *State*, 290 Ark. 495, 720 S.W.2d 712 (1986), cert. denied, 482 U.S. 929 (1987). The Trial Court ruled the witnesses were accomplices because they had been given immunity from prosecution for offenses arising out of the events surrounding the charges against Mr. Young. We declare error.

The crimes with which Mr. Young was charged allegedly occurred during a break-in at the home of Jerry and Brenda Smith. Mr. Smith is a former business partner of Lynne Rice and Marilyn Hanson. The business relationship came to an unfriendly end, and Ms. Rice and Ms. Hanson hired Mr. Young to watch another person to see if he was doing business with Mr. Smith. They, accompanied by their counsel, went to the police and told of how Mr. Young had implicated himself in crimes committed against the Smiths. They said they had no idea Mr. Young would do such a thing. At the instance of their counsel they were given immunity. They agreed to stage a meeting with Mr. Young which resulted in his arrest. At the trial they then testified against Mr. Young.

After the State rested, the Trial Court granted a directed verdict in Mr. Young's favor. The Trial Court's order stated:

> That in granting said motion, the Court found that as a matter of law that two immunized State witnesses, to-wit: Marilyn Hanson and Lynne Rice, were accomplices because they had been immunized and therefore the State had not presented sufficient corroborating evidence to make a prima facie case.

The issue is well settled. The fact that a witness has been granted immunity is not a basis to rule that the witness is an accomplice as a matter of law. *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990); *Johnson & Keeling* v. *State*, 259 Ark. 773, 536 S.W.2d 704 (1976).

Error Declared.