Robert L. ROCKETT, III and Terrick T. Nooner
*v.* STATE of Arkansas

CR 94-578                                     891 S.W.2d 366

Supreme Court of Arkansas
Opinion delivered January 23, 1995

*Joe Kelly Hardin*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case involves the joint appeals of appellants Robert L. Rockett, III, and Terrick T. Nooner, both of whom were convicted of aggravated robbery and sentenced to life imprisonment. Rockett and Nooner raise multiple points in their respective appeals, but finding no merit in any point raised, we affirm.

On March 23, 1993, at approximately 10:15 p.m., a woman, later identified as Antonia Kennedy,[1] approached the door of the Pizza Hut in the City of Bryant. She asked to use the restroom facilities. When informed that the business was closed, she returned to her car and left. Shortly thereafter, a Pizza Hut employee, Jason Beard, went outside to throw away the trash. When he reentered the store, two men wearing blue masks followed him inside. One of the men was wearing socks on his hands; the other gloves. The two masked men directed Beard and five teenagers in the restaurant to the back of the store. One of the masked men carried a pistol with chrome or nickel plate and threatened to shoot the hostages if they did not cooperate. The robber without the handgun began hitting and kicking several of the teenagers. At one point, he stated: "Let me shoot one of them." The men took money and jewelry from the teenagers and then placed them in the walk-in freezer. After that, they fled the premises.

Two days later, on March 25, 1993, Officer Greg Baugh of the Jonesboro Police Department was patrolling the Motel 6 parking lot in Jonesboro when he discovered a car which, upon checking, proved to be stolen. Officer Baugh parked his police car in

---

[1] At various places in the record, her name is also spelled Antonio Kennedy.

the motel parking lot, got out of the vehicle, and stepped underneath the motel balcony so that he would be out of view. He then noticed the reflections of three or four persons walking along the balcony on the second floor of the motel. When they saw his patrol car, they stopped abruptly and began to whisper. He stepped out from under the balcony and watched all but one of the persons walk into a motel room. Rockett was later identified as the person who remained standing outside the room.

Officer Baugh then requested Rockett to come down and talk. Rockett wanted to go inside the motel room and put on his shoes. Officer Baugh refused to let him do this and again requested him to step down and talk with him. Rockett became very nervous and fled. At that point Officer Baugh drew his pistol. The officer ran up the stairs with his pistol drawn and arrested the three people in the motel room. Nooner and Antonia Kennedy were two of the three people in the motel room. When Officer Baugh asked them their names, Nooner gave him a false name. Backup police officers arrived, and a search of the room was conducted. A pair of gloves and a blue ski mask were found in the room, and a pistol with nickel plate was located in the bathroom. A search of the stolen car revealed another blue ski mask. Rockett eventually returned to the motel and was arrested. Rockett, Nooner, and Antonia Kennedy were later charged with aggravated robbery, aggravated assault, and kidnapping associated with the Pizza Hut robbery in Bryant.

Prior to trial, Rockett and Nooner each moved for a severance of their trials. The trial court denied the motions. Before *voir dire* commenced, both men again moved for a severance of their trials when the trial court limited them to a total of eight peremptory strikes. The trial court denied the motions. Twice, during the course of the trial, the severance motion was renewed by Rockett in regard to references that Nooner currently was incarcerated on "death row." Each time the motion was denied.

At trial, the six persons inside the Pizza Hut testified to the events that transpired that night. They identified Antonia Kennedy as the woman who came to the Pizza Hut, and one of the victims, Sandy Dotson, testified that she had a ring stolen from her that night. A ring, identified by Dotson as hers, was later introduced into evidence through Jazmier Kennedy, who was the girlfriend

of Rockett and the sister of Antonia Kennedy. She testified that Rockett gave her the ring.

Antonia Kennedy turned state's evidence and testified that she drove Rockett and Nooner to the Pizza Hut in Bryant. She stated that it was she who tried to use the restroom and was refused. She then returned to the car and pulled into a church parking lot nearby. At that time, Rockett and Nooner got out of the car. When they returned, they were carrying masks, and Rockett was carrying a handgun. They told her to "drive like she never drove before." She drove them back to North Little Rock where they handed her a $100 bill. She stated that she left after that. At the close of the State's case, the State dropped the aggravated assault and kidnapping charges against the appellants, leaving only the aggravated robbery charges intact.

Rockett presented no witnesses on his behalf, but Nooner took the stand, against advice of counsel, and claimed that he was working the night of the robbery and that he did not commit the crime. He advised the jury not to believe Antonia Kennedy and added that he was on death row based on her false testimony given during the trial of another crime. The jury returned guilty verdicts against both men, and they were sentenced to life in prison.

## I. MOTIONS FOR DIRECTED VERDICT

Each appellant contests the trial court's denial of his motion for a directed verdict which we consider prior to the assertion of other trial error. *Ricks* v. *State*, 316 Ark. 601, 873 S.W.2d 808 (1994); *Coleman* v. *State*, 315 Ark. 610, 869 S.W.2d 713 (1994). Directed verdict motions must be specific and must apprise the trial court of the particular point raised. *See Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992). The only specific point raised in the directed verdict motion made by either man related to the State's failure to produce evidence to corroborate the testimony of Antonia Kennedy, who they contend was a known accomplice. Accordingly, that is the only issue which we will consider.

A procedural deficiency precludes our review of this point, however. Neither Rockett nor Nooner requested that the trial court declare Antonia Kennedy to be an accomplice as a matter

of law or that the issue of her accomplice status be submitted to the jury as a factual dispute. *See Clements* v. *State*, 303 Ark. 319, 796 S.W.2d 839 (1990); *Scherrer* v. *State*, 294 Ark. 287, 742 S.W.2d 884 (1988). This court has made it clear that a person must first be found to be an accomplice under Ark. Code Ann. § 5-2-403 (Repl. 1993) for the requirement of corroborative evidence to come into play under Ark. Code Ann. § 16-89-111(e)(1) (1987). *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993); *Odum* v. *State*, 311 Ark. 576, 845 S.W.2d 524 (1993). We have further made it clear that it is the burden of the defendant to prove that a witness is an accomplice whose testimony must be corroborated. *Nelson* v. *State*, 306 Ark. 456, 816 S.W.2d 159 (1991); *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990). Because Rockett and Nooner did not seek a determination that Antonia Kennedy was an accomplice either from the trial court or the jury, the issue of corroborative evidence cannot be raised for the first time on appeal, and we refuse to address it.

## II. SUPPRESSION OF EVIDENCE

For their next point Nooner and Rockett contend that the trial court erred in failing to suppress the admission of the ski masks, gloves, and pistol seized in the Motel 6 room and stolen car in Jonesboro without an arrest warrant or search warrant. This issue has three components.

First, with regard to Rockett we have previously decided this issue in a case concerning the same search but in connection with an entirely separate crime. *See Rockett* v. *State*, 318 Ark. 83, 883 S.W.2d 478 (1994). In that case, we acknowledged that one registered at a motel as a guest is protected against unreasonable searches and seizures. *See Stoner* v. *California*, 376 U.S. 483 (1964); *Scroggins* v. *State*, 276 Ark. 177, 633 S.W.2d 33 (1982). We held, however, that Rockett, in whose name the motel room was registered, abandoned his interest in the room by fleeing from Officer Baugh and thus lacked standing to raise the issue of any expectation of privacy he had regarding it. That holding decides the issue which is raised by Rockett a second time in the case before us.

With respect to Nooner, who was found inside the motel room after Rockett fled, he never proved an expectation of privacy in the room. *See Johnson* v. *State*, 303 Ark. 12, 792

S.W.2d 863 (1990). It is clear that a proponent of a motion to suppress has the burden of establishing that Fourth Amendment rights have been violated. *Rakas* v. *Illinois*, 439 U.S. 128 (1978). Those rights are personal in nature. *Id.; State* v. *Hamzy*, 288 Ark. 561, 709 S.W.2d 397 (1986). Here, the room was registered in Rockett's name — not Nooner's. And Nooner failed to present any evidence that he spent anything other than a brief period of time in the room. There was only Antonia Kennedy's general testimony that the four of them had gone to the Motel 6 the day before. The facts in *Johnson* v. *State, supra,* are comparable. In that case the motel rooms involved also were not registered in the appellant's name, and there was no proof that he did anything other than go into the rooms for brief periods of time. We concluded that Fourth Amendment rights did not stretch that far, and that there was no establishment of a legitimate expectation of privacy. In short, in the present case more was needed to establish a privacy interest in the room. Nooner failed to present sufficient proof to support his standing to raise the issue of an unreasonable search and seizure.

Lastly, with respect to the stolen car in which a ski mask was found neither appellant could claim a legitimate privacy interest in the stolen car; indeed, during the trial both men eschewed any association with the vehicle. In order to have standing to object to the search of a vehicle, Rockett and Nooner must have either owned it or had lawful possession of it. *See Littlepage* v. *State*, 314 Ark. 361, 863 S.W.2d 276 (1993); *Fernandez* v. *State*, 303 Ark. 230, 795 S.W.2d 52 (1990). Here, they failed on both counts. We conclude that the appellants' suppression arguments have no merit.

### III. SEVERANCE

Both Rockett and Nooner filed pretrial motions for a severance of their trials based upon an inability to receive a fair trial. Both motions were denied. Prior to the day of the trial, Nooner moved for severance and premised his argument on the fact that he would be prejudiced by Jazmier Kennedy's testimony that she received a ring from Rockett and that that ring was taken from one of the Pizza Hut victims. The motion was denied. Nooner then made severance motions twice on the day of the trial before and after *voir dire* — once in connection with peremptory chal-

lenges and once without specifying the grounds — but he failed to raise the motion pertaining to the ring testimony again. That is the issue which he now raises on appeal. Our rule is clear that failure to renew a severance motion "before or at the close of all the evidence" constitutes a waiver of the issue. Ark. R. Crim. P. 22.1(b); *see also Wynn* v. *State*, 316 Ark. 414, 871 S.W.2d 593 (1994). Nooner, as a result, failed to preserve this severance issue relating to the ring testimony for appeal.

Rockett, on the other hand, made a severance motion solely with regard to the effect of the jury's knowledge of Nooner's incarceration on death row after Nooner's counsel advised the prospective jurors during *voir dire* that Nooner was on death row and renewed the motion during testimony, though not at the end of all the evidence. After the State rested, and after Nooner announced that he would testify against advice of counsel, Rockett made his severance motion again. Nooner then went on to testify that before the Pizza Hut incident he had just been released from prison, that he had been charged with other crimes, and that he was currently on death row because of Antonia Kennedy's testimony. The trial court immediately admonished the jury:

> Now, ladies and gentlemen, I want to remind you once again. There are two separate defendants here and keep that in mind when you ferret through all the testimony and remember that there is certain testimony that applies only to Mr. Nooner and certain testimony that applies only to Mr. Rockett, and please keep those things separated in your minds.

Rule 22.1(b) does not require that a motion to sever be renewed at the end of all the evidence but "before" or at the close of all proof. We have said that Rule 22.3 of the Arkansas Rules of Criminal Procedure gives the trial court broad discretion in determining whether to grant or deny a motion to sever. *Cox* v. *State*, 305 Ark. 244, 808 S.W.2d 306 (1991). We have also defined the test in deciding a severance motion and the factors to be weighed in assessing it:

> The issue of severance is to be determined on a case by case basis, considering the totality of the circumstances, with the following factors favoring severance: (1) where defenses are antagonistic; (2) where it is difficult to segregate the

evidence; (3) where there is a lack of substantial evidence implicating one defendant except for the accusation of the other defendant; (4) where one defendant could have deprived the other of all peremptory challenges; (5) where if one defendant chooses to testify the other is compelled to do so; (6) where one defendant has no prior criminal record and the other has; (7) where circumstantial evidence against one defendant appears stronger than against the other.

*Cloird* v. *State*, 314 Ark. 296, 301, 862 S.W.2d 211, 213 (1993), *citing Chappell* v. *State*, 18 Ark. App. 26, 710 S.W.2d 214 (1986).

The information that the jury received regarding Nooner's conviction and status on death row falls within the ambit of criterion (6), but we conclude that the trial court did not abuse its discretion in denying Rockett's motion to sever. First, a prior criminal record of a co-defendant is only one of multiple factors to be considered. Secondly, the trial court immediately elected to instruct the jury that they must judge each defendant separately. The court made that instruction at the beginning of the trial and at the close of all the evidence. With these instructions, we are of the opinion that the trial court sufficiently offset any prejudice that might have accrued based on Nooner's testimony. There was no abuse of discretion in the decision not to sever the trials.

### IV. IN-COURT IDENTIFICATION

For their last arguments, Nooner and Rockett urge that the trial court erred in allowing witnesses to identify Antonia Kennedy in the courtroom in the presence of the jury. The appellants contend that this procedure was highly suggestive because Antonia Kennedy was the only black woman in the courtroom and because the procedure created a substantial possibility of misidentification.

We observe that when the first in-court identification took place, only Nooner's attorney objected to the identification as being an "improper type lineup." Rockett's attorney did not object, thereby waiving any objection to the identification due to failure to make a timely objection. *Franklin* v. *State*, 314 Ark. 329, 863 S.W.2d 268 (1993). In this regard, we have further held that

a co-defendant cannot benefit from objections made by another defendant. *Smith* v. *State*, 308 Ark. 603, 826 S.W.2d 256 (1992). It was Rockett's duty to make a timely and complete objection to the admission of the evidence. *Gonzalez* v. *State*, 306 Ark. 1, 811 S.W.2d 760 (1991).

When the State requested a second in-court identification of Kennedy by a victim, it was Rockett who said "same objection," and Nooner who remained silent. As already indicated, in this instance Nooner could not benefit from that objection. Before the third in-court identification occurred, Nooner made his objection once more and asked that it be continuing. Rockett said nothing.

We note initially that Antonia Kennedy had already testified for the State and admitted that she was the woman at the Pizza Hut. The three in-court identifications were, therefore, redundant to this testimony. Furthermore, evidence admitted without objection that is merely cumulative or repetitious cannot be claimed to be prejudicial. *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986). As neither appellant sufficiently objected to all in-court identifications, an assertion of prejudice cannot be made. And, finally, Rockett and Nooner argue on appeal that the in-court identifications were suggestive and that there was a chance of misidentification. These precise arguments were not made to the trial court and are not preserved for appeal. We find no grounds for reversal on this point.

The record in this case has been reviewed pursuant to Supreme Court Rule 4-3(h) for other prejudicial error, and no such error has been found.

Affirmed.