Nery ESTACUY *v.* STATE of Arkansas

CA CR 04-1195                                    228 S.W.3d 567

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*Rachel A. Runnels,* for appellant.

*Mike Beebe,* Ark. Att'y Gen., by: *David J. Davies,* Ass't Att'y Gen., for appellee.

J OHN MAUZY PITTMAN, Chief Judge. This criminal case raises numerous issues relative to appellant's convictions arising out of a hit-and-run motor vehicle accident involving personal injury. After two young women were hit, and a third almost hit, by a car that then sped away, appellant was charged with and convicted of a number of crimes, including two counts of first-degree battery and one count each of aggravated assault, leaving the scene of an accident, driving while intoxicated, and driving on a suspended or revoked driver's license. He was sentenced to serve 552 months in the Arkansas Department of Correction. We affirm.

Appellant first contends that his convictions are not supported by substantial evidence. Specifically, he argues that there is no substantial evidence either that he was the driver of the vehicle in question or that he acted with the culpable mental state required to show either the batteries or the assault. We hold that there was substantial evidence to support appellant's convictions.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* If material and relevant evidence is not in dispute or there is a conflict in the evidence to the extent that fair-minded persons might draw different conclusions therefrom, the evidence is substantial. *Porter v. State,* 356 Ark. 17, 145 S.W.3d 376 (2004). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only that evidence tending to support the verdict. *Id.*

Viewed in that light, the record clearly contains substantial evidence that appellant was the driver of the vehicle. The car that hit the women was described by witnesses as a dark, smaller

Honda with an orange temporary license plate. Shortly after the incident, a police officer found a black, early 1990s model Honda with an orange temporary tag and a broken windshield, with blood and tissue present thereon. It was found parked across the street from a downtown bar where appellant was drinking. The officer testified that appellant admitted to him that he (appellant) had been driving the car in question and that he thought that he had hit someone earlier that evening.

Furthermore, appellant's culpable mental state was more than adequately demonstrated by the proof. As pertinent here, a person commits first-degree battery when he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-13-201(a)(3) (Supp. 2003). Aggravated assault is committed when, under circumstances manifesting extreme indifference to the value of human life, a person purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(1) (Supp. 2005). A person acts purposely with respect to his conduct when it is his conscious object to engage in conduct of that nature. Ark. Code Ann. § 5-2-202(1) (Repl. 1997).

> The plain meaning of [the] phrase ["under circumstances demonstrating extreme indifference to the value of human life"] demonstrates that the circumstances must by necessity be more dire and formidable in terms of affecting human life. *Tigue v. State*, 319 Ark. 147, 889 S.W.2d 760 (1994). In short, first-degree battery "involves actions which create at least some risk of death which, therefore, evidence a mental state on the part of the accused to engage in some life-threatening activity against the victim." *Id.* (citing *Jones v. State*, 282 Ark. 56, 665 S.W.2d 876 (1984)).

*Harmon v. State*, 340 Ark. 18, 27, 8 S.W.3d 472, 478 (2000). Here, there was evidence that, shortly after the incident, appellant had a blood-alcohol level of .23 percent. There was evidence that appellant was driving a car that hit two women and narrowly missed a third. Just before the impact, appellant was witnessed to speed up and actually swerve the vehicle toward the women's path. After the impact, he drove away. Appellant does not dispute that the two women who were hit suffered serious physical injuries, and there was evidence that

the third was afraid that her friends were "dead on the street" and that she was "dead, too." We hold that appellant's convictions are supported by substantial evidence.

Appellant next argues that the trial court erred in denying his motion for a mistrial based on a statement made by the prosecuting attorney during voir dire. A mistrial is an extreme remedy that should only be granted when the error is beyond repair and cannot be corrected by curative relief; the trial court has wide discretion in granting or denying a motion for a mistrial, and this court will not disturb the trial court's decision in the absence of an abuse of discretion or manifest prejudice to the movant. *Hudson v. State*, 85 Ark. App. 85, 100 S.W.3d 674 (2004).

The record shows that, during voir dire, a prospective juror stated that "it just kind of rubs me the wrong way, you know, for somebody to get turned loose on a technicality." The prosecutor then said, "Okay. But you understand, we're pretty much past the technicalities stage. That we're here listening to the evidence and the facts." Appellant objected and moved for a mistrial on grounds that "when [the prosecutor says we're past the technicalities stage, I believe he's commenting his personal opinion on the evidence." The court overruled the objection. We find no reversible error.

■ First, the prosecutor's statement was not necessarily wrong with regard to many aspects of a criminal prosecution that would generally be viewed as "technicalities" by lay people. Second, the prosecutor's comment did not encourage the jury not to do its job, *i.e.*, listen to the evidence and decide the facts in accordance with the instructions. Even assuming that there were some error in what was said, we cannot say that it was serious enough to have affected the fundamental fairness of the trial or to be incapable of being cured by an admonition, and we therefore hold that the trial court did not abuse its discretion in denying the motion. *See Parker v. State*, 355 Ark. 639, 144 S.W.3d 270 (2004).

■ Appellant's third point on appeal is addressed to objections made during the prosecutor's closing argument. He argues (a) that he was prejudiced by the prosecutor's statement that the jury did not have to consider the lesser-included offense instructions and (b) that "the [appellant] was prejudiced when the prosecutor argued that [appellant's] witness said things that she did not say in her testimony."

■ During his closing, the prosecutor said, "I'm going to submit to you that you won't even have to consider the lesser

includeds, when you consider the evidence that's been presented here in this trial today." Appellant objected on grounds that the prosecutor had misstated the law. The trial court agreed with appellant and told the prosecutor to clarify his argument because it was contrary to the instructions that had been given. The prosecutor then said to the jury that "[y]ou do have to consider . . . them. . . . [T]he choice is yours whether you consider the lesser includeds [to battery and assault]. . . . But I'm going to submit to you that the State has proven each and every element, beyond a reasonable doubt, of the offenses charged in the information." We find no reversible error. First, appellant requested no relief when he first objected. Second, the trial court agreed with appellant's objection and instructed the prosecutor to clarify his statement. The prosecutor did so without any further objection or request for relief. When an objection to a statement during closing argument is sustained, an appellant has been given all of the relief requested, and, consequently, there is no basis to raise the issue on appeal unless the appellant requests admonition to the jury or a mistrial. *Howard v. State*, 348 Ark. 471, 79 S.W.3d 273 (2002). As to the second subpoint in appellant's argument heading, suffice it to say that appellant makes no argument whatsoever on the issue beyond the twenty-one-word statement in his argument heading quoted above. Both the supreme court and this court have held that a mere conclusory statement in a point for appeal constitutes a waiver of the question and the issue will not be addressed on appeal. *See Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997); *Brockwell v. State*, 260 Ark. 807, 545 S.W.2d 60 (1976); *Camp v. State*, 66 Ark. App. 134, 135-36, 991 S.W.2d 611, 613 n. 1 (1999).

Appellant's fourth and final point on appeal consists of three subpoints: (a) the prosecutor should not have challenged appellant's witness's credibility in the hearing of the jury; (b) the trial court erred in allowing the three young women in question to be referred to as "victims" after having granted appellant's pretrial motion in limine that such not be done; and (c) the trial court erred in allowing evidence of appellant's prior DWI conviction after having ruled prior to trial that such evidence was not relevant and would not be allowed.

The first of these arguments is not mentioned beyond the twenty-three-word conclusory statement in appellant's point for appeal, and therefore will not be addressed for the reasons stated in our discussion of appellant's third point. *See Camp v. State,*

*supra.* Appellant's second argument, *i.e.*, that the victims should not have been referred to as victims is limited to what is stated above, namely that reversal is required simply because the trial court permitted testimony that he had prohibited in a prior in limine order. However, a motion in limine is a threshold motion, and the trial judge is at liberty to reconsider his or her prior rulings during the course of a single trial. *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003). In the absence of any argument that the trial judge in the present case abused his discretion by doing so, appellant has stated no grounds for reversal. *See id.*

Appellant's argument regarding evidence of a prior DWI is subject to the same analysis: appellant makes no argument on appeal that the admission of such evidence constituted reversible error. Moreover, prior to the close of the hearing on the motion in limine, the trial court qualified its ruling so as to permit the State to present evidence of the prior DWI that caused the suspension of appellant's license because that was an element of the offense of driving on a suspended license for which appellant was also on trial.[1] Indeed, appellant agreed with the trial court's ruling when it was made. Given that the in limine order specifically allowed use of the one prior DWI for the limited purpose stated, that appellant actually agreed with the order, and that he makes no argument on appeal why its admission was error, appellant has failed to state grounds for reversal.

Affirmed.

GLOVER and ROAF, JJ., agree.

---

[1] Arkansas Code Annotated § 5-65-105 (Repl. 2005) makes it unlawful for one to drive on a license that has been suspended "under the provisions of this act." The Act in question is the Omnibus DWI Act found in Title 5, Chapter 65. *See* Ark. Code Ann. § 5-65-101 (Repl. 2005).