

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-628

| | | |
|---|---|---|
| MATTHEW T. MOORE | | **Opinion Delivered** February 4, 2015 |
| | APPELLANT | APPEAL FROM THE MONTGOMERY COUNTY CIRCUIT COURT |
| V. | | [NO. CR-13-52] |
| | | HONORABLE J.W. LOONEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Matthew T. Moore appeals his Montgomery County jury convictions for attempted residential burglary and first-degree criminal mischief. He makes two arguments for reversal. First, he contends that the trial court erred in allowing the State to amend the information from criminal trespass to criminal mischief prior to trial, claiming the amendment changed the nature and the elements of the charge against him. Second, he contends that the State failed to corroborate the testimony of an accomplice thereby rendering the State's proof insufficient. We affirm.

We address Moore's sufficiency argument first because an appellant's right to freedom from double jeopardy requires us to review the sufficiency of the evidence before we review any asserted trial errors. *Foshee v. State*, 2014 Ark. App. 315. We will now consider the evidence submitted.



In October 2013, Tasha Bosley was awakened from her sleep by the sounds of her dogs barking, someone knocking, and finally a loud noise, like a shotgun blast on her front door. Scared, she called her parents and the police and locked herself in her bedroom. While on the phone with 911, she heard glass breaking.

In response to her calls, both Bosley's parents and Deputy Jeremy Lee with the Montgomery County Sheriff's Office responded. No intruder was found. However, the glass in the back door was shattered. There were also pry marks on the door leading from the carport into the house where someone had attempted to gain entry into the house.

While searching the exterior of the home for evidence, Deputy Lee noticed a white pickup truck pulling a concrete-mixer trailer parked approximately 300 yards down the highway. It was parked off to the side of the road and had its hazard lights activated. Because the truck had not been at that location prior to Deputy Lee's arrival at the Bosley home, it raised his suspicion.

Deputy Lee investigated the white truck. The sole occupant of the vehicle was a female driver. She informed Deputy Lee that she had pulled over because she was out of fuel. She acted extremely nervous, kept looking out the passenger window, could not produce a driver's license, and initially gave the officer two false names. When she finally identified herself correctly as Karen Burroughs, a license check revealed that her license had been suspended. A check of vehicle registration revealed that the truck was registered to Matthew Moore, the appellant. Deputy Lee later learned that Matthew Moore is related to Tasha Bosley by marriage.

The evidence from Karen Burroughs and Matthew Moore about the night of the attempted burglary conflicts. Burroughs claims that she and Moore were hanging out and using methamphetamine the night someone attempted to break into Bosley's house. She stated that Moore told her he needed her to help him retrieve some things that "some Mexicans" had stolen from him. He instructed her to drop him off near the house, find a place to turn around, and return to retrieve him. She did as she was instructed, but he never returned. Because she was unfamiliar with the area and was afraid of getting lost, she pulled over to wait for him.

Moore admitted to being with Burroughs that night but denied attempting to break into Bosley's home. He stated that he was setting up a deer stand approximately eight miles away from where the incident occurred. He indicated that Burroughs dropped him off at the location where he was installing the deer stand and never returned. He was then forced to walk to a friend's house to use the phone. The friend was not home, so he continued to walk down the South Fork River to some land his dad owned. He was then able to call the sheriff's department to report his truck missing.

Moore contends that the evidence to support his convictions was insufficient because it was based on the uncorroborated testimony of his alleged accomplice, Karen Burroughs. This argument, however, is not preserved for appeal. Burroughs was never declared to be an accomplice by the court or found to be an accomplice by the jury. A person must first be found to be an accomplice for the requirement of corroborative evidence set out in Ark. Code Ann. § 16-89-111(e)(A)(1) (Repl. 2013) to be applicable. *Price v. State*, 365 Ark. 25,

223 S.W.3d 817 (2006); *Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995). Because no accomplice instruction was submitted to the jury, and because Moore never requested that the trial court hold Burroughs to be an accomplice as a matter of law, accomplice status was never determined, and we are therefore unable to reach the merits of his sufficiency argument.

Moore's argument regarding the amendment of the information prior to trial likewise fails. Moore was arrested and charged with attempted residential burglary and criminal trespass. Five days prior to trial, the State amended the information, changing the charge of criminal trespass, a misdemeanor, to first-degree criminal mischief, a felony. The State is entitled to amend the information at any time before the case is submitted to the jury, provided that the amendment does not change the nature or degree of the criminal charge. Ark. Code Ann. § 16-85-407 (Repl. 2005)*; Hill v. State*, 370 Ark. 102, 257 S.W.3d 534 (2007). However, even if an amendment changes the nature or degree of a criminal charge, a defendant must still show that the amendment resulted in prejudice through unfair surprise. *Walker v. State*, 2012 Ark. App. 61, 389 S.W.3d 10. Prejudice is not shown where a defendant fails to move for a continuance or fails to claim surprise after he is put on notice that the State plans to amend the information. *Hill v. State, supra*; *Hoover v. State*, 353 Ark. 424, 108 S.W.3d 618 (2003).

Here, Moore never requested a continuance and, in fact, informed the court he was ready for trial when his case was called. While Moore's counsel did object to the timing of the amendment, he never articulated how the late filing of the amendment would prejudice Moore. In fact, because Moore's defense at trial was that he did not commit the crimes

alleged and was elsewhere at the time of their commission, it is difficult to see how the change from criminal trespass to criminal mischief could have prejudiced the presentation of his defense.

Affirmed.

VAUGHT and HOOFMAN, JJ., agree.

*C. Shane Ethridge*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.