
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–983

| | | |
|---|---|---|
| RICHARD SPRINGER | | **Opinion Delivered** October 28, 2015 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. CR–2013-1779] |
| | | HONORABLE HERBERT WRIGHT, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Richard Springer appeals from his conviction at a jury trial of sexual indecency with a child, for which he was sentenced to six months' imprisonment and fined $10,000. He contends that the trial court erred in denying his motion for a directed verdict of acquittal and in allowing the State to amend the criminal information. We affirm.[1]

### I. *Sufficiency*

Appellant was charged with and convicted of one count of committing sexual indecency with a child. Appellant's niece testified in detail that, between June 4, 2010, and June 18, 2012 (the day before her fifteenth birthday), appellant exposed his erect penis and masturbated in her presence between six and ten times. Appellant's wife testified that the

---

[1] In June 2015, this court ordered appellant's counsel to provide a supplemental addendum to correct omissions in his original filing. *See Springer v. State*, 2015 Ark. App. 392. He did so, and the case has now been resubmitted.

victim eventually told her about appellant's behavior. The wife testified that she confronted appellant about masturbating in front of the child and that he admitted doing it, apologized, and started crying. Appellant moved for a directed verdict at trial, arguing that the victim was not credible and that the State had failed to show that he had acted with the purpose of gratifying a sexual desire. The motion was denied, and the jury found appellant guilty.

On appeal, appellant contends that the evidence is insufficient to support the conviction. We do not address this point. Appellant in his brief does no more than recite the substantial-evidence standard of review and paraphrase the statute defining the offense. He does not specify any element of the offense that was not established. He does not, in any manner, discuss the evidence that was presented at trial or make any effort to explain how that proof was lacking. Simply stated, appellant makes no argument for us to consider. The mere conclusory statement of a point for appeal, without argument or citation to authority, is an insufficient argument for reversal and will not be addressed. *Estacuy v. State*, 94 Ark. App. 183, 228 S.W.3d 567 (2006); *Camp v. State*, 66 Ark. App. 134, 136, 991 S.W.2d 611, 613 n.1 (1999); *see Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997); *Brockwell v. State*, 260 Ark. 807, 545 S.W.2d 60 (1976).

II. *Amendments to the Information*

Appellant next complains about the trial court's decision allowing the State to amend the information. Again, however, appellant makes no real legal argument. While he describes

SLIP OPINION

various amendments to the information made by the State many months before the trial,[2] he does not cite any authority or discuss any standards governing when and under what circumstances amendments are allowed, does not argue how the amendments in this case may have violated such standards, and does not allege how the amendments might have prejudiced him.[3] Under these circumstances, there is no argument for us to address.

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

*John Walker, P.A.*, by: *Lawrence Anthony Walker*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

---

[2] Appellant states that the information was amended three times. We find nothing in the record to indicate that it was amended, in writing or orally, more than twice. The second and final amendment was made, in writing, more than six months before appellant's trial and did nothing more than reduce the range of dates during which the State contended that the crime occurred.

[3] We note that the State is entitled to amend a criminal information at any time before the case is submitted to the jury, provided that the amendment does not change the nature or degree of the charge. Ark. Code Ann. § 16-85-407 (Repl. 2005); *Moore v. State*, 2015 Ark. App. 58. Moreover, even if an amendment changes the nature or degree of a criminal charge, a defendant must still show that the amendment resulted in prejudice through unfair surprise. *Moore*, *supra*.