## Gary MAUPPIN *v.* STATE of Arkansas

CR 93-380                                        865 S.W.2d 270

Supreme Court of Arkansas
Opinion delivered November 1, 1993

*S. Kyle Hunter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was first convicted

of two counts of capital murder and two counts of attempted capital murder. He was sentenced to death by lethal injection on one of the counts of capital murder, life imprisonment on the other count of capital murder, and thirty years imprisonment on each of the counts of attempted murder. We reversed and remanded because of trial error. *Mauppin* v. *State*, 309 Ark. 235, 831 S.W.2d 104 (1992). Upon retrial, he was found guilty of one count of capital murder and two counts of attempted capital murder. He was sentenced to life imprisonment without parole for the capital murder and to thirty years for each conviction of attempted capital murder, with the sentences to run consecutively. He again appeals. This time we affirm the judgment of convictions.

Appellant makes seven assignments of error. We decided six of the assignments in the first appeal, and those holdings have become the law of the case. We will not consider the same points again. *Henderson* v. *State*, 311 Ark. 398, 844 S.W.2d 360 (1993).

In appellant's seventh assignment he argues that the trial court erred in ruling that he was competent to stand trial. The test to determine if an accused is competent to stand trial is whether he is aware of the nature of the charges against him and is capable of cooperating effectively with his attorney in the preparation of his defense. Ark. Code Ann. § 5-2-302 (1987). We have said that in order to be competent to stand trial an accused must have the capacity to understand the nature and object of the proceedings brought against him, to consult with counsel, and to assist in the preparation of his defense. *Addison* v. *State*, 298 Ark. 1, 765 S.W.2d 566 (1989). Upon appellate review of a finding of an accused's fitness to stand trial, the appellate court will affirm if there is substantial evidence to support the finding of the trial court. *Id.* There was substantial evidence to support the finding of the trial court.

O. Wendall Hall, a psychiatrist and the medical director of the forensic services unit of the state hospital, testified that he, two psychologists, and two social workers participated in a staffing, or a two-and-one-half hour examination, of appellant. Dr. Hall testified that they asked appellant numerous questions, and that appellant gave adequate responses about the crimes with

which he was charged and about the nature of a criminal prosecution. Dr. Hall testified that appellant spoke in "fairly complete" sentences and that appellant seemed to have better hearing than he had two years earlier.

John Anderson, a doctor of psychology who is also employed by the state hospital and whose principal job is to evaluate individuals for trial competency, testified that appellant was asked a series of questions designed to assess whether he had a rational understanding of the charges against him and whether he could assist his attorney. Dr. Anderson testified that from appellant's answers to these questions, and also from the records from appellant's previous time spent at the state hospital, it was his opinion that appellant was able to understand the nature and object of the pending charges, to consult with his attorney, and to assist in the preparation of his defense.

Opposed to the foregoing, appellant offered the testimony of John Marino, a psychiatrist who previously had been employed by the state hospital. Dr. Marino testified that appellant was not competent to stand trial because of the irreparable neurological damage suffered when he shot himself in the head. Dr. Marino testified that appellant could not understand more than a few words at a time and would not be able to assist in his defense because he could not understand the meaning of the events that would take place in the courtroom.

Appellant devotes a considerable part of his argument to weighing the conflicting testimony of the expert witnesses, but in determining whether there is substantial evidence to support a finding of the trial court we do not reweigh the evidence. Rather, we determine whether there is substantial evidence to support the trial court's finding. *Salley* v. *State*, 303 Ark. 278, 796 S.W.2d 335 (1990). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another and requires more than mere speculation or conjecture. *Crutchfield* v. *State*, 306 Ark. 97, 812 S.W.2d 459 (1991). It is permissible to consider only the testimony which supports a finding. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). In a comparable case, *Carrier* v. *State*, 278 Ark. 542, 647 S.W.2d 449 (1983), we wrote:

The appellate court does not attempt to weigh the evidence

or pass on the credibility of the medical reports where the opinions of the doctors conflict. *Parker*, supra. [*Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980)]; *Curry* v. *State*, 271 Ark. 913, 611 S.W.2d 745 (1981). This Court must affirm the trial court's finding on the issue of sanity if there is substantial evidence to support it. *Parker, supra.* In appellant's case the psychiatric report of the Arkansas State Hospital concluded that he was "fit and responsible." We find this to be substantial evidence to support the trial court's finding.

*Id.* at 543-44, 647 S.W.2d at 450.

The same is true in this case. The testimony of Drs. Hall and Anderson was substantial evidence to support the trial court's finding. We will not reweigh their credibility against that of Dr. Marino. As we have often explained, the trier of fact observes the witnesses firsthand, sees their demeanor and responsiveness in answering questions, and is in the best position to determine which was the more credible witness.

In compliance with Rule 4-3 (h) of the Rules of the Supreme Court and the Court of Appeals, an examination has been made of the record in this case, and there are no adverse rulings to appellant that constitute reversible error.

Affirmed.