Willie B. JONES *v.* STATE of Arkansas

CR 94-75                                                      876 S.W.2d 262

Supreme Court of Arkansas
Opinion delivered May 23, 1994

132

*Tiner & Hunter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Willie B. Jones, was tried by jury and convicted of the first degree murder of Delois Coleman and the battery of her daughter, Denise Cole-

man. Mr. Jones was sentenced to life imprisonment on the murder conviction and six years imprisonment for the battery. We find no merit in his arguments for reversal and affirm.

On September 4, 1992, Mr. Jones entered the home of Delois Coleman who was his former girlfriend. At that time, Denise Coleman, Delois's daughter was also present in the home. Denise Coleman testified that after Mr. Jones entered the house he went into the bedroom with her mother. Shortly thereafter she heard screams but was unable to enter the bedroom because the door was locked. She attempted to call 911 and when that failed she called her Aunt.

As she was relating the events to her Aunt over the phone, Mr. Jones came out of the bedroom with blood on his shirt and pants. He struck her in the face with his hand and she fell to the floor where he stomped her, hit her with a chair and struck her with an iron which broke two of Miss Coleman's fingers.

Miss Coleman escaped through the door and ran to the home of her next door neighbor. The police were called. When the police arrived they discovered that her mother, Delois Coleman, had been stabbed to death with a butcher knife. The police arrested Mr. Jones who had driven away in the victim's car.

Mr. Jones was given a psychiatric evaluation by Dr. Heisler on May 10, 1993. Dr. Heisler diagnosed Mr. Jones as suffering from paranoia and recommended that he be evaluated at the State Psychiatric Hospital in Little Rock, Arkansas. At that time it was his professional opinion that Mr. Jones was not competent to stand trial. According to his report, Dr. Heisler was unable to determine if Mr. Jones was able to appreciate the wrongfulness of the alleged event. The Trial Court subsequently ordered Mr. Jones sent to the State Hospital for a full psychiatric evaluation.

On September 10, 1993, Mr. Jones's counsel moved that the order to transport him to Little Rock for evaluation be rescinded. The Trial Court granted the motion. Just prior to trial, counsel moved for dismissal on the ground that Mr. Jones was not competent. The basis for the motion was the psychiatric evaluation performed by Dr. Heisler on May 10. The State responded that Mr. Jones waived this defense by having the order for a full evaluation rescinded.

The Trial Court ordered another evaluation. Prior to the trial, Dr. Heisler reexamined Mr. Jones. Dr. Heisler testified that in his opinion Mr. Jones was competent to stand trial and that he had the ability to distinguish right from wrong at the time of the incident.

During the jury selection process, Mr. Jones moved to quash the jury due to the fact that all the farmers who had been selected for the jury panel were dismissed. The Trial Court denied the motion. Mr. Jones also made a motion that he be found incompetent to stand trial and when this was denied he asked for a continuance. The Trial Court denied both of these motions as well.

At trial, Mr. Jones objected to the admission into evidence of parts of the pretrial motion he made which asked the Trial Court to dismiss the order for a full psychiatric evaluation. The Trial Court overruled the objection and allowed the evidence.

### 1. Excusal of venire members

In his first two points on appeal Mr. Jones claims the Trial Court should have quashed the jury because eight farmers who were on the jury panel were excused. The Circuit Clerk testified that of the 150 names which were originally drawn from the jury wheel, six of the venire listed their occupations as farmer and two as farmhand. All eight were excused.

The wholesale excusal from the venire of individuals who claim farming as their occupation is reversible error if it is automatic and based solely on that fact. In *Hall* v. *State*, 259 Ark. 815, 537 S.W.2d 155 (1976), the Trial Court excused all the farmers who were drawn from the jury wheel without further ado. We reversed and held that it was error to deliberately and systematically exclude a large class of eligible jurors.

Arkansas Code Ann. § 16-31-103 (Supp. 1993) states that "Any person may be excused from serving as a grand or petit juror . . . when for any reason, his own interests . . . will, in the opinion of the court, be materially injured by his attendance." When reviewing the requests for excusal from potential jurors for Mr. Jones's case, the Trial Court specifically said that each farmer was considered individually on a case-by-case basis. The Trial Judge noted that the farmers were harvesting their crop and

would suffer extreme hardship if they served. The Trial Court further stated that the farmers were excused only after requesting to be excused "either orally before the Court or through questionnaires."

There was not a wholesale dismissal of potential jury members based solely on occupation. Each farmer excused made an individual request. The same procedure applied to all persons whose names were drawn and was not in any way limited exclusively to farmers. The Trial Court acted within its authority.

## 2. Competency

Mr. Jones asserts that the Trial Court abused its discretion by finding him competent to stand trial. The assertion is based on the evaluation that was given by Dr. Heisler on May 10, 1993, in which Dr. Heisler stated that he did not believe the defendant was competent at that time. Mr. Jones claims that evaluation should have been given greater weight than the evaluation which occurred on the morning of the trial.

■■ It is within the Trial Court's discretion to rely on a second evaluation when making the competency determination because the issue of competence pertains directly to the accused's ability to understand the charges against him and assist in his defense. *See Mauppin* v. *State*, 314 Ark. 566, 865 S.W.2d 270 (1993). When a trial court has determined that a defendant is competent to stand trial, this Court will affirm if there is substantial evidence to support the trial judge's finding. *Id.* There will be no attempt to weigh the evidence or pass on the credibility of witnesses when the medical reports conflict with each other. *Id.*

■ Dr. Heisler testified that on the day of the trial, Mr. Jones wanted to go to trial, and wanted to be involved in his own defense. Dr Heisler's testimony also included his professional opinion that Mr. Jones was competent to stand trial. No error occurred.

## 3. Continuance

Mr. Jones argues the Trial Court abused its discretion by denying his motion for a continuance. At trial he did not offer a cogent reason for the request but loosely based it on the facts that he had not had a full psychiatric evaluation and that Dr. Heisler had changed his diagnosis regarding competency. Mr.

Jones now contends that he was unfairly prejudiced and should have been allowed extra time to prepare his defense.

██ The particular facts of each case must be examined when determining if a continuance is warranted. *Thorne* v. *State*, 269 Ark. 556, 601 S.W.2d 886 (1980). A trial court's denial of a motion for a continuance will not be reversed absent a clear abuse of discretion, and the defendant has the burden of proof in showing the abuse of discretion. *Oliver* v. *State*, 312 Ark. 466, 851 S.W.2d 415 (1993). When considering whether a continuance should be granted several factors are considered including: 1. the diligence of the movant, 2. the probable effect of the testimony or evidence, 3. the relevance of the testimony, and 4. the likelihood of procuring the evidence or witness sought. *Id.* Failure to exercise due diligence alone can be the basis to deny a motion for a continuance. *Baumgarner* v. *State*, 316 Ark. 373, 872 S.W.2d 380 (1994).

Other factors which may be considered are whether the delay was requested for a legitimate reason, whether the motion was timely filed, whether the defendant contributed to the circumstances giving rise to the continuance, and whether identifiable prejudice would result if the motion were denied. *See Thorne* v. *State, supra.*

██ The only possibly legitimate basis we see in the record for the continuance sought was the change in Dr. Heisler's testimony upon which Mr. Jones had intended to rely. Mr. Jones had, however, voluntarily given up his opportunity for the further psychiatric evaluation which might have been used to contradict Dr. Heisler's testimony. Mr. Jones was responsible for the fact that he did not receive a full psychiatric evaluation.

The Trial Court properly concluded that Mr. Jones created the circumstances of which he complained and that he had failed to act diligently. Mr. Jones has failed to meet his burden of showing an abuse of discretion.

### 4. Admission of evidence

Mr. Jones's contention that it was an abuse of discretion to admit into evidence parts of his motion to rescind the order for a psychiatric evaluation is also without merit. He contends that

the fact that defense counsel made the motion is irrelevant and that introduction of the motion to the jury was improper as it was more prejudicial than probative.

■ A Trial Court's ruling on relevancy is entitled to great deference, and will be reversed only if the trial court abused its discretion. *Dixon* v. *State*, 311 Ark. 613, 846 S.W.2d 170 (1993). Likewise the balancing of probative value against prejudice is a matter left to the sound discretion of the trial judge, and his decision on such a matter will not be reversed absent a manifest abuse of that discretion. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992).

■ Dr. Heisler was presented as Mr. Jones's witness. In response to a question he stated he had assumed Mr. Jones was to be sent to the State Hospital for evaluation but later learned that was not to be the case because the defense had "quashed" the motion to send him there. Direct examination of Dr. Heisler continued with no attempt to have the answer struck as being unresponsive or otherwise questioned. Then on cross-examination the prosecution had Dr. Heisler read into evidence parts of the motion to revoke the order to transport Mr. Jones to the State Hospital.

One who opens a line of questioning or is responsible for error should not be heard to complain on appeal. *Cavin* v. *State*, 313 Ark. 238, 855 S.W.2d 285 (1993). There was no abuse of discretion.

### 5. Compliance with Supreme Court Rule 4-3(h)

The record of trial has been examined, and all decisions on objections and motions adverse to Mr. Jones have been reviewed. No prejudicial error has been found.

Affirmed.