Eugene WESLEY *v.* STATE of Arkansas

CR 94-376                                    883 S.W.2d 478

Supreme Court of Arkansas
Opinion delivered September 26, 1994

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Eugene Wesley brings this appeal from convictions for aggravated robbery, kidnapping and theft for which he received the respective sentences of life, twenty years and ten years in prison. The kidnapping sentence was made to run consecutive to the life sentence. For his points for reversal, Wesley argues the state's evidence is insufficient to support any of the three offenses and the trial court erred by refusing to continue the trial overnight to permit Wesley to obtain two character witnesses.

First, we consider Wesley's insufficient-evidence claims that the robbery victim's (Pat Jones') testimony identifying Wesley as the perpetrator was implausible. In support of his contention, he points out that the perpetrator was described as having a mask over his face during the robbery and subsequent events, and the other eyewitness testified only that she "believed" Wesley was the one who committed the offenses.

Wesley's argument relates selected testimony and ignores other relevant evidence that bears on his guilt. In addition, Wesley fails to acknowledge the settled rule that, on appeal, this court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 321 (1993). Also, this court has held that the testimony of one eyewitness alone is sufficient to sustain a conviction. *Luckey* v. *State*, 302 Ark. 116, 787 S.W.2d 244 (1990).

■ The record reveals that, at about noon on May 28, 1993, a male, wearing a light-colored sweat suit and also a red scarf mask around his face, entered the Country Store in Falcon. When Wesley entered, Pat Jones, a store employee, actually saw Wesley's face when his mask fell down and before he could pull it back up. Jones had known Wesley for twenty to twenty-five years. Jones testified she was absolutely sure that Wesley was the one who entered the store, grabbed her and held a knife to her throat while he took money from the cash register. Wesley then forced Jones at knife point into her own truck. He drove the truck a quarter of a mile from the store before letting her out and driving away. Finally, Jones testified that she was sure Wesley was the perpetrator because approximately five or six months before the robbery, he had entered the store wearing a mask and claiming he had a cold. That earlier event helped Jones recognize Wesley's voice at the time of the robbery. The foregoing evidence alone supports Wesley's convictions.

Wesley next argues that his trial counsel made an oral motion to continue the trial until the next day, so that he could obtain the presence of two character witnesses, Reverend and Mrs. Herschel Martin, who were Wesley's neighbors.[1] He asserts that, because he took the stand in his own defense, denying his guilt, the sole issue at trial became one of credibility, and when the trial court refused to continue the trial for one day to allow Wesley's character witnesses to testify, that ruling effectively denied him his constitutional right to present a defense. Wesley's argument is meritless for several reasons.

■■ A trial court's denial of a motion for continuance will not be reversed absent a clear abuse of discretion, and the defendant has the burden of proof in showing the abuse of discretion. *Jones* v. *State*, 317 Ark. 131, 876 S.W.2d 262 (1994). When considering whether a continuance should be granted, several factors are considered, including (1) the diligence of the movant, (2) the probable effect of the testimony or evidence, (3) the relevance of the testimony, and the likelihood of procuring the evidence or witness sought. Failure to exercise due diligence alone can be the basis to deny a motion for a continuance. *Id.*

---

[1]Different counsel was retained by Wesley on appeal.

Here, Wesley had subpoenas issued for the Martins five days before trial, but no service was had on these two witnesses. Although no returns had been made reflecting service on the Martins, Wesley waited until trial and after he presented the testimony of his mother and father before disclosing the Martins' absence to the court. When Wesley did bring the Martins' absence to the court's attention, he made no motion to continue the case to the next day, nor did he request the court's ruling on the question of continuance.[2] But most important, Wesley gave no assurance that the Martins would be present the next day if a continuance had been granted. In fact, in opening argument, Wesley stated only that he "hoped" Reverend Martin would testify on his behalf.

In sum, Wesley failed to show diligence in obtaining the Martins as witnesses and offered no likelihood or assurance that the Martins would be present to testify in his behalf if the trial had been continued to the next day. Accordingly, the trial court did not abuse its discretion in refusing a continuance.

Because a life sentence is involved, the record has been reviewed pursuant to Ark. Sup. Ct. Rule 4-3(h), and it has been determined that there were no rulings adverse to Wesley which constituted prejudicial error.

Affirmed.

---

[2]The prosecutor on his own objected to any continuance because (1) the case had been set for trial that day, (2) Wesley had made no further efforts to obtain his witnesses after no service was had and (3) the Martins' testimony dealt only with Wesley's character.