Ervin Ray SPARKMAN and Aline Sparkman  *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 05–1011                                               242 S.W.3d 282

Court of Appeals of Arkansas
Opinion delivered November 1, 2006

*Lee Wisdom Harrod*, for appellants.

*Gray Allen Turner*, Dep't of Health and Human Services, Office of Chief Counsel, for appellee.

*Sharron Glaze*, Attorney Ad Litem.

JOSEPHINE LINKER HART, Judge. Ervin Ray Sparkman and Aline Sparkman appeal from an order of the Fulton County Circuit Court terminating their parental rights to their daughter, E.S. On appeal, they argue that the trial court clearly erred in: 1) finding that ADHS met its burden to establish the grounds for termination of their parental rights by clear and convincing evidence; and 2) taking judicial notice of all of the testimony of Lisa Hancock, which took place prior to the termination hearing, because they were denied

access to Hancock's records prior to the previous testimony and therefore did not have the opportunity to properly cross-examine this witness. We affirm.

On May 12, 2003, an emergency order was entered, placing E.S. in ADHS custody. The Sparkmans waived probable cause. The subsequent adjudication hearing was begun on June 17, 2003, but continued five times, finally concluding on May 14, 2004. After extensive testimony from no less than twenty-six witnesses, E.S. was adjudicated dependent/neglected. In the adjudication order, the trial court found that Ervin had sexually abused E.S. Further, it found that Aline was "afraid of her husband" and that she had failed to protect E.S. from Ervin. All of the testimony was incorporated into the termination-of-parental-rights proceedings.

On May 23, 2005, the trial court filed its order terminating the Sparkmans' parental rights. It stated that at the adjudication hearing, it found that Ervin had sexually abused E.S., that Aline was afraid of her husband and that she failed to protect E.S., and that Aline would be "unwilling and incapable" of protecting her daughter in the future. It further found that Ervin had subjected E.S. to aggravated circumstances based on his sexual abuse of E.S., and that Aline had made it "very clear" to the court that she had "no intention of protecting the juvenile from Ervin."

On appeal, the Sparkmans first argue that the trial court clearly erred in finding that ADHS met its burden to establish the ground for termination of the parental rights by clear and convincing evidence. They divide this argument into four sub-points, which we will take up in turn. We note that the grounds for termination of parental rights must be proven by clear and convincing evidence. *M. T. v. Arkansas Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). When the burden of proving a disputed fact is by clear and convincing evidence, the question on appeal is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Dinkins v. Arkansas Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). This court reviews termination of parental rights cases de novo. *Id.*

First, the Sparkmans argue that ADHS failed to present clear and convincing evidence that there is "a potential harm to the

safety of the child" caused by returning E.S. to Aline's custody. They assert that the record is "devoid of any shred of evidence which show affirmative acts" that Aline took to "place the child in harm's way," and it is uncontested that Aline is a "non-offending spouse." Accordingly, they contend that the finding that Aline would not protect E.S. is based on nothing more than speculation and conjecture. We disagree.

■ At the termination hearing, Aline was asked directly if she would keep Ervin away in order to take care of E.S. She answered: "It's just hard. I don't know. Put it this way, right now that decision would probably be no." Throughout the proceedings, Aline steadfastly refused to believe that Ervin was responsible for committing the sexual abuse of E.S. that was proven at the adjudication hearings. We believe the current case is analogous to *Wright v. Arkansas Department of Human Services*, 83 Ark. App. 1, 115 S.W.3d 332 (2003), where we affirmed the termination of a mother's parental rights even though she apparently did not abuse her child. While she may not have actually abused her child, she nonetheless chose to stand by the perpetrator, her boyfriend, "until the State proves something." We held that "the rights of parents are not proprietary and are subject to their related duty to care for and protect the child and the law secures their preferential rights only so long as they discharge their obligations." *Id.* (quoting *Jones v. Jones*, 13 Ark. App. 102, 680 S.W.2d 118 (1984)). Furthermore, in *Camarillo-Cox v. Arkansas Department of Human Services*, 360 Ark. 340, 201 S.W.3d 391 (2005), the supreme court held that marriage to a sex offender manifested "incapacity or indifference" to remedy a situation that warranted a child not being returned to the home, despite testimony in that case that the mother would supervise the child or force her husband to move out. Here, Aline testified that she did not intend to be nearly so willing to protect E.S. Accordingly, we hold that there is no merit in the Sparkmans' argument.

■ The Sparkmans next argue that ADHS failed to present clear and convincing evidence that it made meaningful efforts to rehabilitate Aline "to enable her to remove the perpetrator or keep him out of the home." We note, however, that the Sparkmans failed to appeal from the permanency-planning order in which the trial court found that ADHS had made reasonable efforts to deliver reunification services. Failure to appeal this finding waives this issue for appeal. *Lewis v. Arkansas Dep't of Human Servs.*, 364 Ark.

243, 217 S.W.3d 788 (2005). We note further that Aline was employed and that Ervin left the marital home for a period of time, only to be welcomed back. We are aware of no services that ADHS could have offered that would have prevented Aline from making that choice.

▬ For their third sub-point, the Sparkmans argue that ADHS failed to present clear and convincing evidence that it made reasonable efforts to rehabilitate Ervin. They contend that because Ervin was found to be the perpetrator of the abuse, "the ADHS seemingly washed their hands of any effort to comply with statutes." We hold that there is no merit to this argument. Ervin was found by the trial court to have subjected E.S. to sexual abuse, which our juvenile code designates as "aggravated circumstances." Ark. Code Ann. § 9-27-303(6) (Repl. 2002). When a parent subjects a child to aggravated circumstances, it relieves ADHS of the burden of providing reunification services. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(b) (Repl. 2002).

Finally, the Sparkmans argue that ADHS failed to present clear and convincing evidence that it made reasonable efforts to reunite the family as required by our juvenile code. Citing Arkansas Code Annotated section 9-27-303(46)(A)(i) (Repl. 2002), they contend that statute defines reasonable efforts as "efforts to preserve the family prior to the placement of a child in foster care to prevent the need for removing the child from his or her home and efforts to reunify a family made after a child is placed out of home to make it possible for him or her to safely return home," and they assert that ADHS had the responsibility to "make real meaningful and reasonable efforts to maintain family ties to whatever extent is possible in each case."

▬ We believe that this final subpoint is merely reiteration of the Sparkmans' previous subpoints, and insofar as it tries to address the reasonable-efforts finding, it is similarly barred. However, we note further that the statutory section on which the Sparkmans attempt to rely is simply not dispositive of this situation. As we stated previously, "the rights of parents are not proprietary and are subject to their related duty to care for and protect the child and the law secures their preferential rights only so long as they discharge their obligations." *Wright v. Arkansas Dep't of Human Servs., supra.* By the time ADHS became involved in this case, it was too late to prevent Ervin from sexually abusing E.S. At that point, the only option available to ADHS was the

removal of the child from the home. Furthermore, we are very mindful of the fact that Aline refused to make a firm commitment to undertake the duty of assuring E.S.'s safety in the future. We hold that the trial court did not err in finding sufficient grounds for the termination of the Sparkmans' parental rights.

The Sparkmans next argue that the trial court erred in taking judicial notice of all of the testimony of Lisa Hancock, which took place prior to the termination hearing, because they were denied access to Hancock's records prior to the previous testimony, and therefore, they did not have the opportunity to properly confront this witness. The Sparkmans concede that they were given access to Hancock's records two weeks prior to the termination hearing. However, they were not able to use those records to cross-examine Hancock because ADHS failed to call her as a witness even though she was listed on its witness list. Without citation of authority, they assert that "the burden ought not to shift to Appellants that they should have to foresee that the State would not call Hancock, and that Hancock would have to be called by the Appellants in their case in chief at the Termination Hearing, only to properly cross-examine her on testimony from months, and possibly years earlier because the State failed to meet previous discovery requests." They assert that they were prejudiced because "Hancock's testimony carried great weight in the Adjudication and Termination stages of these proceedings." We disagree.

We review assertions of evidentiary error under an abuse-of-discretion standard. *See Arkansas Dep't of Human Servs. v. Huff*, 347 Ark. 553, 65 S.W.3d 880 (2002). The circuit court has broad discretion in its evidentiary rulings; hence, the circuit court's findings will not be disturbed on appeal unless there has been a manifest abuse of discretion. *See id.* Our juvenile code allows the trial court to take judicial notice of prior testimony and pleadings if the parents are represented by counsel for those proceedings. Ark. Code Ann. § 9-27-341(d)(2).

Lisa Hancock is a licensed professional counselor at the Woods and Associates Counseling Clinic. Pursuant to a referral from ADHS, she became E.S.'s counselor. Hancock began treating E.S. on a weekly basis, beginning shortly after E.S. was taken into ADHS custody. She testified on August 11, 2003, and April 9, 2004, during the adjudication phase of the proceedings. In her August 11, 2003, testimony, Hancock opined that E.S. had been severely sexually abused and was suffering from post-traumatic stress disorder. She based these opinions on specific statements that

were made by E.S. during her therapy sessions. Hancock was cross-examined extensively on the contents of her progress notes, and after she concluded her testimony, the Sparkmans orally moved to be provided a copy of her case file. The trial judge agreed to order production of the file. When Hancock took the stand during the April 9, 2004, setting, the substance of her testimony related to E.S.'s progress and how she related to Aline during a supervised visit. Again, Hancock was cross-examined extensively. The Sprakmans did not object to any portion of Hancock's testimony or argue that they were in any way inhibited by the lack of her case file in conducting their cross-examination.

■ Consequently, the essence of the Sparkmans' argument is that this case should be reversed because Hancock did not testify at the termination hearing. We note however, that the Sparkmans were afforded the opportunity to subpoena Hancock, and they simply did not do so. Moreover, they did not ask for a continuance. We will not reverse absent a showing of greater diligence on the part of the appellants to secure Ms. Hancock's attendance at the hearing. *See Wesley v. State*, 318 Ark. 83, 883 S.W.2d 478 (1994).

Affirmed.

VAUGHT and BAKER, JJ., agree.