SLIP OPINION     Cite as 2014 Ark. App. 95



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-904

| | |
|---|---|
| CHARIS MCKAY<br>APPELLANT | **Opinion Delivered** February 12, 2014 |
| V. | APPEAL FROM THE CONWAY<br>COUNTY CIRCUIT COURT<br>[NO. JV-2013-35] |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES, TIMOTHY<br>GRAY, and MINOR CHILDREN<br>APPELLEES | HONORABLE TERRY SULLIVAN,<br>JUDGE<br><br>AFFIRMED |

## ROBIN F. WYNNE, Judge

Charis McKay appeals from an order of the Conway County Circuit Court adjudicating her children, H.G. and J.G., dependent-neglected. She argues on appeal that the circuit court erred by allowing a witness to testify regarding the credibility of allegations made by one of the children against her. We affirm the order of the circuit court.

In May 2013, the Arkansas Department of Human Services (DHS or the Department) filed a petition for emergency custody and dependency-neglect wherein it requested that it be granted custody of the children. In an affidavit filed in support of the petition, the family-services worker stated that the Department exercised an emergency seventy-two-hour hold on the children based on allegations that appellant utilized corporal punishment on H.G. to the extent that it left bruising on the child's buttocks and left thigh. The petition for emergency custody was granted by the circuit court. The circuit court later determined,

following a hearing, that there existed probable cause to believe that the children were dependent-neglected.

An adjudication hearing was held on July 11, 2013. Among the witnesses who testified at the hearing was Tracy Childress, a forensic interviewer with the Cooper Anthony Mercy Child Advocacy Center who conducted an interview of H.G. Ms. Childress testified that H.G. relayed information regarding what the child referred to as a "beating" by appellant. Ms. Childress further testified that H.G. indicated that the punishment was administered by appellant because H.G. did not get a spelling word correct. During direct examination of Ms. Childress, counsel for DHS asked her whether she found H.G. credible. Counsel for appellant objected to the question as improper opinion testimony. The circuit court overruled the objection, and Ms. Childress was allowed to testify that she found H.G. to be very credible.

H.G., who was eight years old at the time, also testified at the hearing. She testified that her mother spanked her hard enough on one occasion that it left bruises on her buttocks and her leg. She stated that she was spanked because she could not figure out how to spell one of her assigned spelling words.

The hearing was reconvened on August 1, 2013. On that date, no testimony was taken; however, appellant's counsel argued that the circuit court had committed error during the July 11, 2013 hearing by allowing Ms. Childress to give her opinion of H.G.'s credibility during her interview. Appellant moved for a mistrial, which was denied by the circuit court. At the conclusion of the hearing, the circuit court was asked to make a finding regarding the

child's credibility, and it stated that it found the child very credible. The circuit court had previously also stated,

> If I did [err] on my decision regarding the lady that testified earlier, I did hear the child, the eight-year-old child. She was adamant. She testified that, there was testimony about the bruising. She was whipped by her mother. She cried. It hurt, and this child, there's sufficient testimony from the child itself, from the child, herself.

In an order entered on August 12, 2013, the circuit court adjudicated the children dependent-neglected based on its finding that the allegation that appellant physically abused H.G. was true and correct. This appeal followed.

Appellant's sole point on appeal is that the circuit court committed reversible error by allowing a witness to testify regarding her opinion of H.G.'s credibility during a forensic interview. We review assertions of evidentiary error under an abuse-of-discretion standard. *Sparkman v. Ark. Dep't of Human Servs.*, 96 Ark. App. 363, 368, 242 S.W.3d 282, 285– 86 (2006). The circuit court has broad discretion in its evidentiary rulings; hence, the circuit court's findings will not be disturbed on appeal unless there has been a manifest abuse of discretion. *Id.*

Our court has previously held that it is error to allow testimony regarding the credibility of a victim of a crime. *Purdie v. State*, 2010 Ark. App. 658, 379 S.W.3d 541; *Cox v. State*, 93 Ark. App. 419, 220 S.W.3d 231 (2005). Accordingly, the circuit court's decision to allow testimony at the adjudication hearing in the instant case was error.

A determination of error by the circuit court does not end the analysis. We will not reverse based on evidentiary error without a showing of prejudice, as prejudice is not presumed. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272.

Appellant asserts that this type of error has been determined by the Arkansas Supreme Court not to be harmless, citing *Clinkscale v. State*, 269 Ark. 324, 602 S.W.2d 618 (1980). In *Clinkscale*, the court stated that while there is a presumption that a trial judge will consider only competent evidence, the presumption can be overcome when there is an indication that the trial judge did give some consideration to the inadmissible evidence. 269 Ark. at 326, 602 S.W.2d at 620. The court then reversed and remanded the judgment of the trial court based on statements by the trial court indicating that it had considered the inadmissible evidence.

*Clinkscale* is distinguishable from the instant case. While, in *Clinkscale*, the statements of the trial court indicated that it had considered inadmissible evidence in reaching its decision, the statements by the circuit court in the case at bar indicate the opposite. At the August 1, 2013 hearing, the circuit court acknowledged the possibility that it erred by allowing the testimony by Ms. Childress. The circuit court then went on to expressly state that it was basing its determination of H.G.'s credibility solely on the child's testimony. Therefore, there is no indication that the circuit court considered the inadmissible testimony by Ms. Childress.[1] Appellant has thus failed to demonstrate prejudice from the error committed by the circuit court.

Affirmed.
HARRISON and GLOVER, JJ., agree.
*Jeff Rosenzweig*, for appellant.
*The Streett Law Firm, P.A.*, by: *Alex G. Streett*, *James A. Streett*, and *Robert M. Veach*; *Tabitha Baertels McNulty*, DHS Office of Policy and Legal Services; and *Chrestman Group, PLLC*, by: *Keith Chrestman*, for appellees.

---

[1]Although the trial court in *Clinkscale* also stated that it was considering only admissible evidence, it made other statements to belie this, which formed the basis for our supreme court's ruling. There are no such statements from the circuit court in this case.

SLIP OPINION